**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **WILLIAM R. RASSMAN,** § | |
| § | |
| **Plaintiff,** § | |
| § | Civil Action No. _____ |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **NEOGRAFT SOLUTIONS, INC.,** § | |
| § | |
| **Defendant.** § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff William R. Rassman files this Complaint against NeoGraft Solutions, Inc. for infringement of U.S. Patent No. 8,062,322 (the "'322 patent").

**THE PARTIES**

1. William R. Rassman ("Plaintiff") is an inventor, and the sole assignee, of the '322 patent, and an individual residing at 5757 Wilshire Blvd., Promenade #2, Los Angeles, California 90036.

2. NeoGraft Solutions, Inc. ("Defendant") is a Delaware corporation with its headquarters at 419 Southfork Dr., Suite 103, Lewisville, Texas 75057, and may be served with process through its agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Defendant does business in the State of Texas and in the Eastern District of Texas.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

7. On information and belief, Defendant has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action. Defendant maintains an office in Lewisville, Texas, within this District.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 8,062,322)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. Plaintiff is the assignee of the '322 patent, entitled "Method and Apparatus for Transplanting a Hair Graft," with ownership of all substantial rights in the '322 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '322 patent is attached as Exhibit A.

10. The '322 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '322 patent issued from U.S. Patent Application No. 10/640,598 (the "'598 Application").

11. Defendant has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '322 patent in this judicial district and elsewhere in Texas and the United States, including (for example) at least claims 1, 10, and 14 without the consent or authorization of Plaintiff, by, among other things, making, using, offering for sale, selling and/or importing hair transplant systems referred to as the NeoGraft Systems.

12. Defendant has had knowledge of the '322 patent, as early as April of 2015. Defendant has been placed on notice of its infringement of the '322 patent in April of 2015, September of 2015, and various times throughout 2016. Defendant will again be placed on notice of its infringement of the '322 patent no later than service of this Complaint.

13. Defendant has been, and now is, inducing direct infringement of claims of the '322 patent, including (for example) at least claims 10 and 14, by customers of Defendant's products and services (*e.g.*, the NeoGraft Systems) that are distributed or otherwise provided by Defendant to such customers, which products and services enable a customer to perform hair transplants using the methodology recited in the claims of the '322 patent.

14. Despite having knowledge of the '322 patent, Defendant has specifically intended, and continues to specifically intend, for persons who acquire and/or use the NeoGraft System, including Defendant's customers and employees, to use the NeoGraft System in a manner that infringes one or more claims of the '322 patent. Since Defendant was notified of the '322 patent, Defendant has continued to distribute or otherwise provide materials that

provide customers with instructions for using its products and services (*e.g.*, the NeoGraft System) to perform hair transplants in the methodology recited by the claims of the '322 patent, thereby encouraging customers to use such products and services in a manner that infringes claims of the '322 patent. *See, e.g.*, video demonstration for operating the NeoGraft System *available at* http://www.neograftdocs.com. Defendant continues to advertise, distribute, or otherwise provide these products and services to customers. Defendant's conduct amounts to active inducement of infringement of the '322 patent in violation of 35 U.S.C. § 271(b).

15. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Despite having knowledge of the '322 patent and knowledge that it has in the past and presently is directly and/or indirectly infringing one or more claims of the '322 patent, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendant's infringing activities relative to the '322 patent has been, and continues to be, willful, wanton, and deliberate in disregard of Plaintiff's rights.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

     a.     Judgment that one or more claims of the '322 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others whose infringements have been induced by Defendant and/or by others to whose infringements Defendant has contributed;

     b.     Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

     c.     Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

     d.     That Defendant's infringements relative to the '322 patent be found willful from the time that Defendant became aware of the infringing nature of its products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

     e.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

     f.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 15, 2016

Respectfully submitted,

/s/ *John P. Murphy*
John P. Murphy
Texas State Bar No. 24056024
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
murphy@nelbum.com
brent@nelbum.com

Attorneys for Plaintiff
**WILLIAM R. RASSMAN**